2007 CP 40 0644

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) | FOR THE FIFTH JUDICIAL CIRCUIT |

STATE OF SOUTH CAROLINA          )          IN THE COURT OF COMMON PLEAS
                                 )
COUNTY OF RICHLAND               )          FOR THE FIFTH JUDICIAL CIRCUIT
                                 )
CARLOS EDWARD MARTIN,            )
TASHIANA ANITA MARTIN,           )          CIVIL ACTION NO.:
                                 )
          PLAINTIFFS,            )
                                 )
          VS.                    )          SUMMONS
                                 )
LEON LOTT, AS REPRESENTIVE       )
FOR THE OFFICE OF THE RICHLAND   )          JURY TRIAL
COUNTY SHERIFF'S DEPARTMENT,     )          DEMANDED
DEPUTIES BEN FIELDS AND JOSEPH   )
CLARK In their individual capacities as )
deputies with the RICHLANDCOUNTY )
SHERIFF'S DEPARTMENT             )
                                 )
          DEFENDANTS.            )

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the said Complaint upon the subscriber at his address of Post Office Box 5717, Columbia South Carolina 29250 within (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in said complaint.

J. Christopher Mills, Esquire
P.O. Box 5717
Columbia, South Carolina 29250
Telephone: 803-748-9533
Facsimile: 803-929-9027
Email: chrismillsllc@aol.com

ATTORNEY FOR THE PLAINTIFFS

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF RICHLAND ) FOR THE FIFTH JUDICIAL CIRCUIT

CARLOS EDWARD MARTIN, )
TASHIANA ANITA MARTIN, ) CIVIL ACTION NO.:
)
PLAINTIFFS, )
)
VS. )
) COMPLAINT &
)
LEON LOTT, AS REPRESENTIVE )
FOR THE OFFICE OF THE RICHLAND ) JURY TRIAL
COUNTY SHERIFF'S DEPARTMENT, ) DEMANDED
DEPUTIES BEN FIELDS AND JOSEPH )
CLARK, in their individual capacities as )
deputies with the  RICHLAND COUNTY )
SHERIFF'S DEPARTMENT )
)
_____DEFENDANTS._____ )

Comes now the Plaintiffs Carlos Edward Martin and Tashiana Anita Martin complaining

of the Defendants and allege the following:

**PARTIES AND JURISDICTION**

1.    That Plaintiffs Carlos Edward Martin and Tashiana Anita Martin are husband and wife

and have at all times relevant to this complaint been residents of Columbia, Richland

County, South Carolina.

2.    That Defendant Leon Lott is the appropriate party defendant as representative of the

Office of the Richland County Sheriff's Department under state law. As such he is

statutorily liable for the acts and omissions of deputies acting in the course and scope to

their official duties pursuant to the South Carolina Tort Claims Act.  The Office of the

Sheriff is sued for compensatory damages only.

3.  The defendant Fields and Clark were at all times herein deputies with the Richland

County Sheriff's department acting under color of state law in the course and scope of

their employment as law enforcement officers.  They are sued in their individual

capacities under federal law for compensatory and punitive damages.

4.  The Plaintiff brings their state claims pursuant to the South Carolina Tort Claims Act S.C.

Code Ann. §1-78-10 et seq.  The Plaintiffs further invoke this court's concurrent

jurisdiction to hear claims arising under the United States Constitution and federal

statutes.  Specifically 42 U.S.C. § 1983, 1988, the Fourth and Fourteenth Amendments to

the United States Constitution.

**FACTUAL ALLEGATIONS**

5.  On or about October 24, 2005, Plaintiff Carlos Martin drove home from work to his

residence at 3509 Blake Avenue, Apt 1111, Columbia, South Carolina 29206.

6.  As Plaintiff Martin drove toward his parking location near his home, he observed a law

enforcement officer driving his cruiser and politely nodded to the officer as a friendly

gesture and greeting.

7.  Shortly after the greeting, Plaintiff Carlos Martin parked and exited his car and began to

walk toward his apartment.

8.  Before reaching his apartment door, Plaintiff Carlos Martin heard the law enforcement

officer running toward him and calling "Hey you".

9.  The aforesaid law enforcement officer is now known by Plaintiff Carlos Martin to be

Deputy Ben Fields.

10.  Deputy Fields requested Plaintiff Carlos Martin's drivers license and registration and

inquired whether he was the cause of excessive noise complained of by a resident and

being investigated by Deputy Fields.

11.    Plaintiff Carlos Martin informed the Deputy that he was not the cause of such noise and

that he was just then arriving home from work.

12.    During the course of Deputy Fields' review of Plaintiff Carlos Martin's license and

registration and his questioning of Plaintiff Carlos Martin, Deputy Fields became agitated

when Plaintiff Carlos Martin, with absolutely no disrespect, addressed Deputy Fields

using the colloquial term "dude".

13.    Despite Plaintiff's Carlos Martin's attempts to assure the Deputy that he intended no

disrespect, Deputy Fields nevertheless became increasingly angry.

14.    Deputy Field's unprovoked anger escalated to the point that he grabbed Plaintiff Carlos

Martin, slammed him to the ground, cuffed him, began kicking him and chemically

maced him until his clothing was drenched and the contents of the can of mace was

depleted.

15.    During the course of Officer Fields' attack of Plaintiff Carlos Martin, Plaintiff Tashiana

Anita Martin came outside of their apartment and began to take pictures of the encounter

using her cellular telephone.

16.    Plaintiff Tashiana Anita Martin briefly returned to the apartment to retrieve a more

substantial video recorder but, unable to locate it, reemerged from the apartment and

continued to take pictures with her cellular phone.

17.    Upon the arrival of other law enforcement officers, Deputy Fields directed one of the

officers to confiscate the cell phone and, accordingly, Plaintiff Tashiana Anita Martin's

cellular phone was taken and never returned to her.

18.    Plaintiff Tashiana Anita Martin was thrown against a vehicle, handcuffed and forcibly

thrown to the ground and eventually placed in the police car by Deputy Clark.

19.    While being transferred to the transport wagon, Deputy Fields made ridiculing and

suggestive comments that he was going to take Plaintiff Tashiana Anita Martin to a Motel

6.

20.    As a result of these confrontations Carlos Martin was formally charged with a two

municipal criminal offenses.  A Richland County noise ordinance violation, breach

peace, and a felony general sessions charge of resisting arrest. Tahsiana Martin was

arrested for common law breach of peace and a felony general sessions charge of

resisting arrest.

21.    On September 22, 2006 a trial was scheduled on the municipal charges of the noise

ordinance and breach of peace against each plaintiff.  The cases were called to trial by the

magistrate.  No one presented any evidence on behalf of the state.  Magistrate Phillip

Newsome dismissed the criminal charges against the plaintiffs for failure to prosecute.

22.    The General Session charges of Resisting Arrest against each plaintiff are still pending in

Richland County.

**FOR A FIRST CAUSE OF ACTION**
§1983 Fourth Amendment claim against Fields
individually for seizing plaintiff Carlos Martin without reasonable suspicion

The Plaintiff incorporates by reference all previous allegations of fact and law as if

repeated herein.

23.   The acts and omissions of Defendants Fields, by show of force and physically detaining the plaintiff without reasonable suspicion to seize him violated his fourth amendment rights.  As a direct and proximate cause result of this illegal detention the plaintiff suffered emotional and physical harm.

## FOR A SECOND CAUSE OF ACTION
§1983 Fourth Amendment claim against Fields
individually for using excessive force while seizing the plaintiff Carlos Martin

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

24.  The acts and omissions of Defendant Fields, by throwing Carlos Martin to the ground, striking him about the body, and using chemical mace during the course of the initial seizure and subsequent arrest, constitute the use of unreasonable and excessive force violating his fourth amendment rights.  As a direct and proximate cause result of the unreasonable use of force the plaintiff suffered emotional and physical harm.

## FOR A THIRD CAUSE OF ACTION
§1983 Fourth Amendment claim against Fields individually
for arresting plaintiff Carlos Martin without probable cause

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

25.  The acts and omissions of Defendant Fields, in arresting Carlos Martin for a Richland County Noise Ordinance violation and Breach of Peace without probable cause violated his fourth amendment rights to be free from unreasonable seizures.  As a direct and proximate cause result of the unreasonable seizure the plaintiff suffered emotional and financial harm.

RECEIVED
RCSD
2007 OCT 23 AM 9: 33

## FOR A FOURTH CAUSE OF ACTION
Common law claim of false imprisonment under the SCTCA against the
Office of the Richland County Sheriff's Department for the unlawful seizure of Carlos Martin

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

26.  The Office of the Richland County Sheriff's Department is vicariously liable for the acts of Defendant Fields acting within the course and scope of his employment.  Defendant Fields intentionally restrained Mr. Martin's movement without lawful authority constituting the tort of false imprisonment.  As a direct and proximate cause result of this illegal detention the plaintiff suffered emotional harm.

## FOR A FIFTH CAUSE OF ACTION
Common law claim of battery under the SCTCA against the Office of the Richland
County Sheriff's Department for the physical grabbing, macing and handcuffing of Carlos Martin

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

27.  The Office of the Richland County Sheriff's Department is vicariously liable for the acts of Defendant Fields acting within the course and scope of his employment. The acts and omissions of Defendant Fields by intentionally grabbing Carlos Martin, throwing him to the ground, striking him with his knees, using chemical mace and handcuffing him without his consent constitutes the tort of battery.  As a direct and proximate cause result of this illegal detention the plaintiff suffered emotional and physical harm.

## FOR A SIXTH CAUSE OF ACTION
Common law claim of false arrest under the SCTCA against the Office of the
Richland County Sheriff's Department for Carlos Martin's arrest without probable cause

2007 OCT 22 AM 9:33
RCSD
RECEIVED

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

28.  The Office of the Richland County Sheriff's Department is vicariously liable for the acts of Defendant Fields acting within the course and scope of his employment. The acts and omissions of Defendant Fields by intentionally arresting Carlos Martin without probable cause on the criminal charges of Breach of Peace, Noise Ordinance and Resisting Arrest constitute the tort of false arrest.  As a direct and proximate cause result of these illegal arrests the plaintiff suffered emotional and financial harm.

### FOR A SEVENTH CAUSE OF ACTION
§1983 Fourth Amendment claim against Clark
individually for seizing plaintiff Tashiana Martin without reasonable suspicion

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

29.    The acts and omissions of Defendants Clark, by show of force and physically detaining the plaintiff without reasonable suspicion to seize her violated her fourth amendment rights. As a direct and proximate cause result of this illegal detention the plaintiff suffered emotional and physical harm.

### FOR AN EIGHTH CAUSE OF ACTION
§1983 Fourth Amendment claim against Clark
individually for using excessive force while seizing the plaintiff Tashiana Martin

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

30.  The acts and omissions of Defendant Clark, by throwing plaintiff to the ground during the course of the initial seizure and subsequent arrest, constitute the use of unreasonable

and excessive force violating her fourth amendment rights. As a direct and proximate cause result of the unreasonable use of force the plaintiff suffered emotional and physical harm.

### FOR A NINTH CAUSE OF ACTION
§1983 Fourth Amendment claim against Fields individually
for arresting plaintiff Tashiana Martin without probable cause

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

31. The acts and omissions of Defendant Fields, in arresting plaintiff for a Breach of Peace without probable cause violated her fourth amendment rights to be free from unreasonable seizures. As a direct and proximate cause result of the unreasonable seizure the plaintiff suffered emotional and financial harm.

### FOR A TENTH CAUSE OF ACTION
Common law claim of false imprisonment under the SCTCA against the
Office of the Richland County Sheriff's Department for the unlawful seizure of Tashiana Martin

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

32. The Office of the Richland County Sheriff's Department is vicariously liable for the acts of Defendant Clark acting within the course and scope of his employment. Defendant Clark intentionally restrained Ms. Martin's movement without lawful authority constituting the tort of false imprisonment. As a direct and proximate cause result of this illegal detention the plaintiff suffered emotional harm.

### FOR A ELEVENTH CAUSE OF ACTION
Common law claim of battery under the SCTCA against the Office of the Richland
County Sheriff's Department for the physical grabbing and handcuffing of Tashiana Martin

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

33. The Office of the Richland County Sheriff's Department is vicariously liable for the acts of Defendant Clark acting within the course and scope of his employment. The acts and omissions of Defendant Clark by intentionally grabbing Ms. Martin, throwing her against a car an to the ground, and handcuffing her without her consent constitutes the tort of battery. As a direct and proximate cause result of this illegal detention the plaintiff suffered emotional and physical harm.

### FOR A TWELFTH CAUSE OF ACTION
Common law claim of false arrest under the SCTCA against the Office of the
Richland County Sheriff's Department for Tashiana Martin's arrest without probable cause

The Plaintiff incorporates by reference all previous allegations of fact and law as if repeated herein.

34.    The Office of the Richland County Sheriff's Department is vicariously liable for the acts of Defendant Fields acting within the course and scope of his employment. The acts and omissions of Defendant Fields by intentionally arresting Ms. Martin without probable cause on the criminal charges of Breach of Peace and Resisting Arrest constitute the tort of false arrest. As a direct and proximate cause result of these illegal arrests the plaintiff suffered emotional and financial harm.

2007 OCT 23 AM 9:33
RCSD
RECEIVED

Wherefore having fully set forth the grounds of her complaint Plaintiff asks this court to award compensatory and punitive damages in an appropriate amount, attorney fees and costs pursuant to 42 U.S.C. §1988, and such other relief as this court deems just and proper.

Respectfully submitted this the 17th day of October 2007 in Columbia, South Carolina.

J. Christopher Mills, Esquire
P.O. Box 5717
Columbia, South Carolina 29250
Telephone: 803-748-9533
Facsimile: 803-929-9027
Email: chrismillsllc@aol.com

ATTORNEY FOR THE PLAINTIFFS

RECEIVED
2007 OCT 22  AM 9: 33
RCSD