# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| Carlos Edward Martin and Tashiana Anita Martin, | CIVIL ACTION NO: _____ |
| Plaintiffs, | |
| v. | **ANSWER** |
| Leon Lott, as representative for the Office of the Richland County Sheriff's Department, Deputies Ben Fields and Joseph Clark, in their individual capacities as deputies with the Richland County Sheriff's Department, | **(Jury Trial Demanded)** |
| Defendants. | |

The Defendants Leon Lott, as representative for the Office of the Richland County Sheriff's Department, Deputies Ben Fields and Joseph Clark, in their individual capacities as deputies with the Richland County Sheriff's Department (hereinafter, "RCSD") answer the Plaintiffs' Complaint as follows:

## FOR A FIRST DEFENSE

1. The Defendants assert that the Plaintiffs have failed to state claims sufficient to constitute a cause of action, and therefore, this action should be dismissed against the Defendants pursuant to Rule 12(b)(6), FRCP.

## FOR A SECOND DEFENSE

2. The Defendants deny each and every allegation of the Plaintiffs' Complaint not hereinafter specifically admitted, qualified, or explained.

3. As to Paragraph One (1), the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny same and demand strict proof thereof.

4. As to the first sentence of Paragraph Two (2), the Defendant Lott only admits that he is the Sheriff of Richland County in addition to being a constitutional officer and thereby a state agency pursuant to the South Carolina Constitution and the Laws of the State of South Carolina. As to the remaining portions of Paragraph Two (2), the Defendant Lott admits that all times herein he was acting in the course and scope of his employment as were his deputies. The Defendants further crave reference to the terms and conditions of the South Carolina Tort Claims Act as to their applicability to this action. Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

5. As to Paragraph Three (3), the Defendants Fields and Clark admit upon information and belief that they were acting within the course and scope of their employment with the Richland County Sheriff's Department and under the color of state law at all relevant times. Except as stated herein, these Defendants deny this paragraph as stated and demand strict proof thereof.

6. As to the first sentence of Paragraph Four (4), the Defendants crave reference to the terms and conditions of the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-10 *et seq.* as to its applicability to this action. The second and third sentences of Paragraph Four (4) are jurisdictional in nature, can neither be admitted nor denied, and the Defendants crave reference thereto. Moreover, the Defendants further crave reference to the Constitution of the United States, 42 U.S.C. § 1983, § 1988, the common law of South Carolina, and the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-10 *et seq.*.

7. As to Paragraphs Five (5), Six (6), Seven (7), Eight (8), Nine (9) and Ten (10), the Defendants only admit upon information and belief that on or about October 24, 2005 at about 4:30 p.m., the Defendant Fields was dispatched to a call to an apartment complex at or near 3509 Lake Avenue in Richland County, South Carolina. The Defendants further assert upon information and belief that the nature of the call was that of a suspicious individual being at or near the incident location. While Defendant Fields was at the incident location, he heard the playing of loud music by someone at the incident location. After a short period, a white Ford Explorer driven by the Plaintiff Carlos Edward Martin proceeded into the incident location playing music extremely loud. Defendant Fields then turned his patrol car around and exited in an attempt to make contact with Plaintiff Carlos Martin. This Plaintiff, who had already exited his car, was requested by Defendant Fields to return and present the requisite identification information. Except as stated herein, the Defendants deny these paragraphs as stated and demand strict proof thereof.

8. As to Paragraphs Eleven (11), Twelve (12), and Thirteen (13), the Defendant Fields only admits upon information and belief that he advised Carlos Martin that his music was entirely too loud and the reason for requesting identification was that Defendant Fields intended to issue a ticket for a violation of the county noise ordinance. The Defendant Fields further asserts upon information and belief that throughout their interaction, this Plaintiff was loud, boisterous, and using profanity toward Fields. Except as stated herein, the Defendants deny these paragraphs as stated and demand strict proof thereof.

9. As to Paragraph Fourteen (14), the Defendants only admit upon information and belief that, despite Defendant Fields' attempts to de-escalate the situation, this Plaintiff continued to be belligerent. The Defendants further assert that, as Defendant Fields attempted to place

Plaintiff Carlos Martin in handcuffs, this Plaintiff proceeded to pull away from Fields, and assaulted Fields by kicking and striking Fields about his arm and leg. Due to this Plaintiff's active resistance, Defendant Fields gave repeated loud verbal commands to stop resisting and ultimately had to resort to a degree of force. The Defendants further respond upon information and belief that such force included taking this Plaintiff to the ground and administering Capstun spray and knee strikes, all of which occurred as a result of Plaintiff Carlos Martin's continued resisting arrest and assault on Defendant Fields. Except as stated herein, the Defendants deny these paragraphs as stated and demand strict proof thereof.

10. As to Paragraph Fifteen (15), the Defendants only admit upon information and belief that at some point during Plaintiff Carlos Martin's resistance, numerous individuals had congregated nearby and Plaintiff Tashiana Martin came outside and began taken pictures of Defendant Fields during his encounter with Plaintiff Carlos Martin with her cellular phone. Except as stated herein, the Defendants deny these paragraphs as stated and demand strict proof thereof.

11. As to Paragraph Sixteen (16), the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny same and demand strict proof thereof.

12. As to Paragraph Seventeen (17), the Defendants only admit upon information and belief that at some point the cellular phone in question was taken by a RCSD deputy for evidence. Except as stated herein, the Defendants deny these paragraphs as stated and demand strict proof thereof.

13. As to Paragraph Eighteen (18), the Defendants only admit upon information and belief that Plaintiff Tashiana Martin was loud, boisterous, and using profanity toward Fields.

Despite Defendant Fields having advised her to back up, Plaintiff Tashiana Martin continued to be belligerent as she yelled, used profanity, and began swinging at the RCSD deputies present. The Defendants further assert upon information and belief that, as Defendant Fields attempted to place Plaintiff Tashiana Martin in handcuffs, Tashiana Martin assaulted Fields by kicking and striking Fields about his body. Ultimately, Defendant Fields was able to restrain her and placed her in handcuffs. Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

14. As to Paragraph Nineteen (19), the Defendants deny same upon information and belief and demand strict proof thereof.

15. As to Paragraph Twenty (20), the Defendants only admit upon information and belief that Plaintiff Carlos Martin was charged with the violation of the Richland County Noise Ordinance, Breach of Peace, and Assault on Police while Resisting Arrest. The Defendants further admit upon information and belief that Plaintiff Tashiana Martin was charged with Breach of Peace and Assault on Police while Resisting Arrest. Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

16. As to Paragraph Twenty-one (21), the Defendants only admit upon information and belief that the Plaintiffs originally requested a jury trial on the magistrate-level offenses. At that time, the Court was willing to permit the Plaintiffs to enter the pre-trial intervention program. Subsequently, on or about September 26, 2006, the Plaintiffs withdrew their intention to participate in the pre-trial intervention program and requested a jury trial. The Defendants further assert upon information and belief that, as a result of Defendant Fields not having been advised of the court date and did not attend the hearing, the magistrate judge dismissed the

charges. Except as stated herein, the Defendants deny this paragraph as stated and demand strict proof thereof.

17. As to Paragraph Twenty-two (22), the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny same and demand strict proof thereof.

18. As to Paragraph Twenty-three (23), Twenty-four (24), Twenty-five (25), Twenty-six (26), Twenty-seven (27), Twenty-eight (28), Twenty-nine (29), Thirty (30), Thirty-one (31), Thirty-Two (32), Thirty-three (33), and Thirty-Four (34), the Defendants deny same in their entirety and demand strict proof thereof.

## FOR A THIRD DEFENSE

19. The Defendants Fields and Clark at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, are entitled to immunity.

## FOR A FOURTH DEFENSE

20. The Defendants Fields and Clark's actions were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

## FOR A FIFTH DEFENSE

21. The Defendant Leon Lott, Richland County Sheriff alleges that he is not a "person" within the meaning of 42 U.S.C. § 1983 and, as such, is not subject to suit.

## FOR A SIXTH DEFENSE

22. To the extent that any state causes of action are asserted against them, the Defendants allege that such claims brought by the Plaintiffs are governed by the terms and conditions (including immunities and statutory limitations) applicable to claims against

governmental entities and therefore plead the South Carolina Tort Claims Act, § 15-78-10 *et seq.* of the Code of Laws of the State of South Carolina, 1976 as amended.

**FOR A SEVENTH DEFENSE**

23. To the extent that any state causes of action are asserted against them, the Defendants allege that they are immune from any and all claims for punitive damages since such damages are not recoverable against a governmental entity under South Carolina or Federal common law or under the South Carolina Tort Claims Act, § 15-78-10 *et seq.* of the Code of Laws of the State of South Carolina, 1976 as amended.

**FOR AN EIGHTH DEFENSE**

24. The Defendants allege upon information and belief that at all times they were acting in good faith and within the course and scope of their employment and official duties and, therefore, are immune from suit.

**FOR A NINTH DEFENSE**

25. The Defendants allege that they are immune from suit and liability under the doctrine of sovereign immunity.

**FOR A TENTH DEFENSE**

26. The Defendants allege that any actions in touching or making physical contact with the Plaintiffs were reasonably exercised in using legal police powers, and therefore, the Defendants would assert that this is a complete bar to these claims.

WHEREFORE, having fully answered the Complaint of the Plaintiffs, the Defendants Leon Lott, as representative for the Office of the Richland County Sheriff's Department, Deputies Ben Fields and Joseph Clark, in their individual capacities as deputies with the

Richland County Sheriff's Department pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

                          DAVIDSON, MORRISON & LINDEMANN, P.A.

BY: *s/ Robert D. Garfield*
      WILLIAM H. DAVIDSON, II, #425
      ROBERT D. GARFIELD, #7799
      1611 Devonshire Drive
      Post Office Box 8568
      Columbia, South Carolina 29202
      Ph: (803) 806-8222
      Fax: (803) 806-8855
      wdavidson@dml-law.com
      rgarfield@dml-law.com

                        ATTORNEYS FOR THE DEFENDANTS

COLUMBIA, SOUTH CAROLINA

November 19, 2007