IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carlos Edward Martin and<br>Tashiana Anita Martin, | )<br>)<br>) | C/A No. 3:07-3782-JFA |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| Leon Lott, as representative for the<br>Office of the Richland County<br>Sheriff's Department, Deputies Ben<br>Fields and Joseph Clark, in their<br>individual capacities as deputies with<br>the Richland County Sheriff's<br>Department, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |
| Defendants. | )<br>) | |

This matter comes before the court on plaintiff Carlos Martin's (Mr. Martin) [dkt. # 63] voluntary dismissal of claims pursuant to 42 U.S.C. § 1983 or in the alternative motion for court order granting voluntary dismissal of the § 1983 claims. For the reasons that follow, Mr. Martin's motion is denied.

I.  Factual and Procedural Posture

This case arises out of an encounter between Mr. Martin and Deputy Ben Fields ("Deputy Fields") on October 24, 2005. On that day, Deputy Fields was dispatched to Quail Run apartment complex in Richland County based on a report of a suspicious individual. As Deputy Fields entered the complex in his patrol car, Mr. Martin followed behind. After they parked their cars beside each other, Mr. Martin and Deputy Fields engaged in an exchange,

the result of which allegedly invovled Deputy Fields taking Mr. Martin to the ground, emptying an entire canister of mace on him, and placing Mr. Martin under arrest for breaching the peace. During the course of the exchange, Tashiana Martin ("Mrs. Martin"), wife of Mr. Martin, came outside the apartment at Quail Run, which she shared with her husband, and took several pictures with her cell phone and attempted to capture the exchange and subsequent arrest on video. Upon the arrival of other law enforcement officers, Ms. Martin alleges that Deputy Fields directed another officer to confiscate the cell phone—which allegedly contained the pictures of the exchange and arrest. Mrs. Martin alleges that Deputy Joseph Clark ("Deputy Clark") threw her against a vehicle, handcuffed her, forced her to the ground, and eventually placed her in the back of a police car. (Am. Compl. ¶ 18.)

Mr. and Mrs. Martin filed suit in state court on October 17, 2007 against Richland County Sheriff Leon Lott, in his official capacity, and Deputy Fields and Deputy Clark, in their individual capacities, pursuant to § 1983 for violation of their First and Fourth Amendment rights, and asserted separate state court claims for false arrest, false imprisonment, and battery. Thereafter, defendants removed the case on November 19, 2007. The court has at various times during the past two years issued three scheduling orders, stayed the case for approximately eleven months, and conferred with counsel on numerous occasions regarding a variety of matters. The discovery period ended on November 20, 2009, dispositive motions were filed the day after this motion, and trial is scheduled for the March

9, 2010 term of court.

Mr. Martin now seeks to voluntarily dismiss her federal claims, or in the alternative moves the court to issue an order allowing her to withdraw all § 1983 claims, and asserts that in the event the court grants her motion, the court would lack subject matter jurisdiction over Mr. Martin. In the conference call to discuss this matter, counsel for Mr. Martin indicated that she wished to go back to state court. Based on his counsel's representation, Mr. Martin ostensibly seeks remand of his claims to state court.[1]

II.     Discussion

   A. Voluntary Dismissal is Denied

Pursuant to Rule 41(a)(1)(A) a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the plaintiff files a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). In all other cases, an action may be dismissed at the plaintiff's request only by court order on terms the court considers proper. Fed. R. Civ. P. 41(a)(2). The Fourth Circuit, in Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987), discussed the terms a district court should consider when assessing a motion to voluntarily dismiss. The Davis decision directs district courts to "focus primarily on protecting the interests of the defendant." Id.

The defendants answered the Martins' amended complaint on February 8, 2009,

---

[1] Considering that the statute of limitations likely ran on October 24, 2008 or before, remand would be the only route available to Mr. Martin to vindicate his claims.

accordingly, pursuant to Rule 41, Mr. Martin needs the court's permission prior to voluntarily dismissing any of his claims. In conferring with counsel for all parties on this matter, counsel for Mr. Martin advised that Mr. Martin would prefer to maintain his § 1983 claims if the court determined remand inappropriate or inadvisable. Accordingly, the court now turns to Mr. Martin's attack on the court's jurisdiction.

    B.    The Court Retains Supplemental Jurisdiction

Federal courts have jurisdiction over claims removed from state courts that could have properly been brought in federal court in the first instance. 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1367, a district court also has jurisdiction over state law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367. Whether federal and state law claims form part of the same case "is determined by whether they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try then all in one judicial proceeding." Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 615 (4th Cir. 2001) (internal citation and punctuation omitted). The court finds that the claims of Mr. and Mrs. Martin, appear to derive from the same basic set of facts—the sequential arrests of Mr. and Mrs. Martin—and that they consequently form one constitutional case. Accordingly, the court finds supplemental jurisdiction appropriate over the state law claims.

    C.    The Court Finds Insufficient Basis for Remand

To escape federal jurisdiction and remain able to maintain his claim in state court, Mr. Martin would appear to be seeking a remand. To that end, Mr. Martin would necessarily be asking the court to do one of the following:[2] (1) find that some or all of the state law claims are separate and independent, and exercise its discretion to remand pursuant to 28 U.S.C. 1441(c); (2) decline to exercise supplemental jurisdiction pursuant § 1367 and exercise the inherent power of the court to remand; or (3) find subject matter jurisdiction lacking and remand pursuant to § 1447(c).

"Section 1441(c) provides for remand of matters in which State law predominates when a separate and independent claim of cause of action within federal question jurisdiction is joined with a non-removable claim or cause of action and the entire case is removed." Hinson, 239 F.3d at 616 (internal citation omitted). The court finds this provision inapplicable to Mr. Martin as the claims he asserts cannot be characterized as separate and independent. The alleged law enforcement misconduct arises from a common nucleus of operative fact, namely the alleged law enforcement misconduct during the sequential arrests of Mr. and Mrs. Martin. Mrs. Martin continues to assert her federal claims and, accordingly, the court possesses supplemental jurisdiction over Mr. Martin's pendent claims; Id. ("pendent claims are not separate and independent within the meaning of the removal statute" (internal citation omitted)). The court finds remand of Mr. Martin's claims on the basis of § 1441(c) inappropriate.

---

[2] The court declines to analyze any request to remand pursuant to 28 U.S.C. §§ 1447(e), 1452. The court finds them inapplicable to the facts of this case.

Section 1367(c) authorizes a district court to decline to exercise jurisdiction over a pendent claim where (1) the claim raises novel or complex issues of state law; (2) the claim substantially predominates over claim(s) over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are compelling reasons for declining jurisdiction. Mr. Martin's state law claims do not present novel questions of state law or predominate over the § 1983 claims, nor do there appear to be any exception circumstances warranting the court to decline jurisdiction. Accordingly, the court finds the § 1367(c) factors inapplicable to the facts at hand.

Policy concerns also weigh in favor of retaining the claims. Principles of judicial economy militate against separate trials at this late date, three months before trial and after the close of discovery; burdening the state system as trial approaches would appear to frustrate this goal. Fairness considerations also compel a finding that the defendant would be prejudiced by defending two cases with similar or identical witnesses and similar legal theories. Even if discovery could be shared between the separate cases, the resources devoted to defending two separate trials would be substantial.

Section 1447(c) contemplates remand where a motion for remand is filed within thirty days of removal alleging defects in the removal procedure, or it appears that the district court lacks subject matter jurisdiction prior to final judgment. 28 U.S.C. 1447(c). Mr. Martin does not allege any defect in the removal procedure and the thirty-day window has long passed.

Mr. Martin asserts that the court lacks subject matter jurisdiction. However, as discussed above, the court finds supplemental jurisdiction appropriate over Mr. Martin's claims. See Hinson 239 F.3d at 617 (finding that state law claims asserted by co-plaintiffs properly joined after removal of federal claim constituted part of the same constitutional case). Moreover, "remand concepts apply to the 'case' or 'action,' not to the parties," § 1447(c) expresses the subject of remand as the case, not the parties to it. Id. Accordingly, because the court finds remand improper under §§ 1441(c) and 1447(c), and there are no appropriate grounds to decline jurisdiction under § 1367, the court declines to remand Mr. Martin's claims.

III.  Conclusion

For the foregoing reasons Mr. Martin's motion [dkt. # 63] to voluntarily dismiss his federal claims is denied. To the extent that Mr. Martin seeks remand of his claims, that request is also denied. Mr. Martin's argument that he will be prejudiced by pursuing his claims as part of the same case as his wife are not properly before the court as Mr. Martin has not filed a motion to separate trials under Rule 42. Fed. R. Civ. P. 42(b).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

December 21, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge