IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Carlos Edward Martin and Tashiana Anita Martin, <br><br> Plaintiffs, <br><br> vs. <br><br> Leon Lott, as representative for the Office of the Richland County Sheriff's Department; Deputies Ben Fields and Joseph Clark, in their individual capacities as deputies with the Richland County Sheriff's Department, <br><br> Defendants. | C/A No. 3:07-3782-JFA <br><br><br><br><br><br> AMENDED ORDER |

This matter is before the court on the motion [dkt. # 79] of plaintiff Tashiana Martin ("Mrs. Martin") to alter or amend the court's February 9, 2010 order [dkt. # 78] granting in part the motion for summary judgment of defendants Ben Fields ("Deputy Fields"), Joseph Clark ("Deputy Clark), and Leon Lott ("Sheriff Lott"), and remanding all state-law claims for lack of subject matter jurisdiction pursuant to the Eleventh Amendment.

I. Factual and Procedural Background

The motion to reconsider does not challenge the court's ruling as to the claims filed pursuant to 42 U.S.C. § 1983 and the court's rulings regarding those claims stand, unaltered. By previous order [dkt. # 81], the court granted Mrs. Martin's motion to amend finding that the United States Supreme Court ruling in Lapides v. Bd. of Regents of the Univ. Sys. of

Georgia, 535 U.S. 613 (2002) compels the conclusion that Sheriff Lott waived his Eleventh Amendment immunity by removing the case from South Carolina state court to this court. Accordingly, this order amends Part II.E and Part III of the February 9, 2010 order relating to the disposition of the state-law claims. As the court remanded the state-law claims in its February 9, 2010 order, it did not rule on the their merits. This order serves to amend the court's previous order and announce the ruling of the court as to Deputy Fields, Deputy Clark, and Sheriff Lott's motion for summary judgment as to the state-law claims.

II.  Discussion

    A.  State-law Claims Against Sheriff Lott

Mr. Martin and Mrs. Martin each assert claims for false imprisonment, false arrest, and battery. These claims are not asserted against either Deputy Fields or Clark in his individual capacity, but rather against Sheriff Lott, as the Deputies' representative under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-70(c) (2005).

        1.  False Imprisonment

To prevail on a claim of false imprisonment, a plaintiff must show that "(1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful." Law v. South Carolina Dept. of Corrections, 629 S.E.2d 642 (S.C. 2006). Here, where Sheriff Lott concedes that Deputies Fields and Clark intentionally restrained Mr. and Mrs. Martin, the question is whether such restraint was lawful or supported by probable cause. See Jones v. City of Columbia, 389 S.E.2d 662, 663 (S.C. 1990).

Sheriff Lott contends that South Carolina does not recognize a claim for false imprisonment where the arrest is based on a facially valid warrant. In support of this proposition he cites the court to Bushardt v. United Inv. Co., 113 S.E. 637 (S.C. 1922), Prosser v. Parsons, 141 S.E.2d 342 (S.C. 1965), Watkins v. Mobil Oil Corp., 313 S.E.2d 641 (S.C. App. 1984), and James v. Fast Fare, Inc., 685 F. Supp. 565 (D.S.C. 1988).

The court will consider each case in turn. Bushardt involved an arrest made after an eye witness identification of the suspect, did not involve a warrant, and is inapplicable to the facts before the court. See Bushardt, 113 S.E. at 640. Prosser, like Bushardt, does not involve a warrant, and does not support Sheriff Lott's contention that a warrant bars a claim of false arrest. Prosser v. Parsons, 141 S.E.2d 342. Watkins, however, does address the role of a warrant in evaluating a claim of false arrest. Watkins found demurrer appropriate where the complaint alleged an arrest and the existence of a warrant, but nothing more. However, Watkins may be distinguished from the case at bar in that both Mr. and Mrs. Martin allege in their joint amended complaint that their respective arrests were not supported by probable cause. Watkins appears to stand solely for the proposition that where no allegation of unlawful arrest is made, pleadings supporting the lawfulness of an arrest will sustain a demurrer for failure to state a claim for false arrest. See Watkins, 313 S.E.2d at 642 ("The complaint does allege that Watkins was arrested by a Richland County law officer and it also alleges that the arrest was pursuant to a warrant.").

In James v. Fast Fare, Inc., 685 F. Supp. 565 (D.S.C. 1988), the court found that the

plaintiff's claim of false arrest was barred pursuant to Watkins because the plaintiff was arrested pursuant to lawful authority and a facially valid warrant. Id. at 566. As here, the plaintiff in James argued that the warrants were defective and could not serve as a basis for lawful authority. Unlike in James, however, both Mr. and Mrs. Martin contend that the warrants here are defective because they are dishonest. Because the plaintiff in James did not challenge the veracity of the information used to support the warrant, the court finds James inapplicable to the facts at bar. As South Carolina adopted the rationale of Franks v. Delaware, 438 U.S. 154 (1978), in State v. Davis, 639 S.E.2d 457 (S.C. App. 2006), the court finds that the existence of a warrant is not an absolute bar to a claim of false imprisonment and is not a bar here.

      i.      Mr. Martin Asserts False Imprisonment

Mr. Martin asserts that he was unlawfully restrained because Deputy Fields lacked probable cause to arrest him. However, because the court previously found that Deputy Fields had probable cause to arrest Mr. Martin for violation of the Richland County noise ordinance, his claim for false imprisonment fails.

      ii.      Mrs. Martin Asserts False Imprisonment

Mrs. Martin asserts that she was unlawfully restrained because Deputy Clark lacked probable cause to arrest her. Because the court found that neither Deputy Fields nor Deputy Clark had probable cause to arrest her based on the facts as the court must view them at the summary judgment stage, the court finds that Mrs. Martin's claim for false imprisonment

4

survives summary judgment.

 2. False Arrest

To prevail on a false arrest claim, a plaintiff must establish that his arrest was not lawful. Wortman v. Spartanburg, 425 S.E.2d 18 (S.C. 1992). "The fundamental question in determining whether an arrest is lawful is whether there was 'probable cause' to make the arrest." Id.

 i. Mr. Martin Asserts False Arrest

Mr. Martin asserts that his arrest was unlawful because Deputy Fields lacked probable cause. However, because the court previously found that Deputy Fields had probable cause to arrest Mr. Martin for violation of the Richland County noise ordinance, his claim for false arrest fails.

 ii. Mrs. Martin Asserts False Arrest

Mrs. Martin asserts that her arrest was unlawful because Deputy Fields lacked probable cause to arrest her. Because the court found that neither Deputy Fields nor Deputy Clark had probable cause to arrest her based on the facts as the court must view them at the summary judgment stage, the court finds that Mrs. Martin's claim for false arrest survives summary judgment.

 3. Battery

Under South Carolina law, "battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree; it is unnecessary

that the contact be by blow, as any forcible contact is sufficient." Gathers v. Harris Teeter Supermarket, Inc., 317 S.E.2d 748, 754 (S.C. App. 1984). A police officer who uses reasonable force in effectuating a lawful arrest is not liable for battery. Roberts v. City of Forest Acres, 902 F. Supp. 662, 671–72 (D.S.C. 1995). However, if a law enforcement officer uses force greater than is reasonably necessary under the circumstances he may be liable for battery. Id. at 671 n.2.

I. Mr. Martin Asserts Battery

Mr. Martin asserts that Deputy Fields engaged in excessive and violent conduct in arresting Mr. Martin that exceeded that which was reasonably necessary. Based on the facts as the court must view them, Mr. Martin was allegedly compliant with Deputy Fields until the deployment of the pepper spray. Accordingly, whether Deputy Fields' use of force, including his use of pepper spray, amounted to excessive use of force beyond that reasonably necessary to arrest him is a question for jury.

ii. Mrs. Martin Asserts Battery

Mrs. Martin asserts that Sheriff Lott is liable for the acts of Deputy Clerk for grabbing Mrs. Martin, throwing her against a car, and handcuffing her. Based on the facts as the court must view them at the summary judgment stage, Mrs. Martin's claim of battery survives summary judgment.

III. Conclusion

For the forgoing reasons, the court grants the summary judgment motion [dkt. # 64]

of Deputy Fields, Deputy Clark, and Sheriff Lott in part. Mr. Martin's claim for battery and Mrs. Martin's § 1983 claims for illegal seizure and false arrest, and retaliation in violation of the First Amendment, as well as her state-law claims for false arrest, false imprisonment, and battery remain for trial.

The trial of this case will proceed as scheduled during the March/April 2010 term of court. Jury selection will take place on March 9, 2010.

IT IS SO ORDERED.

February 16, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge