IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carlos Edward Martin and Tashiana Anita Martin, | ) ) ) | C/A No. 3:07-3782-JFA |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| Leon Lott, as representative for the Office of the Richland County Sheriff's Department; Deputies Ben Fields and Joseph Clark, in their individual capacities as deputies with the Richland County Sheriff's Department, | ) ) ) ) ) ) ) ) ) | ORDER DENYING RECONSIDERATION |
| Defendants. | ) ) | |

This matter comes before the court on plaintiff Carlos Martin's ("Mr. Martin") motion [dkt. # 85] requesting the court to reconsider its order [dkt. # 78] granting defendant summary judgment, or, in the alternative, motion to certify the court's rulings as final pursuant to Rule 54(b). The court has reviewed Mr. Martin's motions, and, for the reasons that follow, the motions are denied.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, __U.S.__, 128 S.Ct. 2605, n.5 (2008) (internal citation omitted). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." U.S. ex rel.

Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (internal citation omitted). The Fourth Circuit has held a motion to reconsider should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Plaintiff does not seek reconsideration on the basis of an intervening change in controlling law, or on account of new evidence, but requests reconsideration alleging clear error of law.

Mr. Martin's motion to reconsider seeks to relitigate matters previously decided by the court and appears to be based largely on his displeasure with the court's prior ruling. Accordingly, his motion for reconsideration must be denied.

Because the court denies Mr. Martin's claim for reconsideration, Mr. Martin moves for the entry of final judgment pursuant to Rule 54(b) as to the court's rulings on his 28 U.S.C. § 1983 claims, and his state-law claims of false imprisonment and false arrest. The court notes as an initial premise that "Rule 54(b) certification is recognized as the exception rather than the norm" and that the "chief purpose of Rule 54(b) is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit." Braswell Shipyards v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). Pursuant to Curtis-Wright Corp. v. General Electric Co., 446 U.S. 1 (1980), a district court must undertake a two step determination in considering a motion to certify. First, the district court must decide whether a judgment is final. Second, the district court must determine whether there is no just reason for delay. Id. at 8. In assessing whether is no just reason for delay, the court should consider (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the

district court; (3) the possibility that the reviewing court may have to revisit the issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of the trial, frivolity of competing claims, expense, and the like.  Id.

After reviewing the relevant factors, and in light of the Fourth Circuit's strong policy disfavoring piecemeal appeals, the court finds that Mr. Martin has not carried his burden to persuade the court that Rule 54(b) certification is appropriate.

Based on the foregoing, Mr. Martin's motion for reconsideration and his motion, in the alternative, to certify judgment as final are denied.  Mr. Martin's state-law claim for battery remains for trial.  Jury selection is scheduled for March 9, 2010.

IT IS SO ORDERED.

February 23, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge